**Opinion filed June 9, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00169-CR

_____

## WAYNE ANTHONY HENDERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6575**

### M E M O R A N D U M   O P I N I O N

Wayne Anthony Henderson pleaded guilty in September 2012 to burglary of a habitation. The trial court convicted Appellant and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of three years and a fine of $1,000. However, in accordance with a plea agreement, the trial court suspended the imposition of the sentence and placed Appellant on community supervision for a term of three years.

The State subsequently filed a motion to revoke community supervision, alleging numerous violations of the terms and conditions of Appellant's community supervision. The trial court considered the motion at a hearing conducted on May 29, 2014. Appellant entered a plea of "true" to four of the alleged violations at the outset of the hearing. At the conclusion of the hearing, the trial court found that those four alleged violations were established by the evidence. The trial court revoked Appellant's community supervision and imposed the original sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of three years and a fine of $1,000. We affirm.

In a single issue on appeal, Appellant contends that the trial court did not award him all of the jail time credit to which he was entitled. He bases this argument on testimony from Sandra Garcia, Appellant's community supervision officer. She testified at the revocation hearing that Appellant admitted to using cocaine on May 25, 2013, while on community supervision. Garcia further testified that, as a result of Appellant's admission of drug use, he completed the "Treatment Alternative to Incarceration Program." *See* TEX. GOV'T CODE ANN. § 76.017 (West 2013). She described the program as "[twelve] individual sessions, [twelve] group sessions, with the LCDC."

When pronouncing Appellant's sentence at the conclusion of the revocation proceeding, the trial court stated that Appellant would "receive any credit for any time periods of detention, as provided by law." The trial court listed two periods of incarceration under the "Time Credited" portion of the judgment. It does not appear that either of these periods of incarceration included any credit for the Treatment Alternative to Incarceration Program that Appellant completed.

Appellant contends that he should have received jail credit time for the Treatment Alternative to Incarceration Program. He bases this contention on

2

Article 42.12, section 23(b) of the Texas Code of Criminal Procedure, which provides in relevant part as follows:

> No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp. 2015). We disagree with Appellant's contention. By its express terms, the credit required to be given by Article 42.12, section 23(b) is for time served in a court-ordered residential program or facility. There is no evidence that Appellant served any time in a court-ordered residential program or facility as a part of completing the therapy sessions of the Treatment Alternative to Incarceration Program. We further note that the name of the program indicates that it is an "alternative to incarceration." We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

June 9, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3